```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF OREGON

ROBERT WARICK, et al.,                  Civil No. 05-6010-HO

         Plaintiffs,                    ORDER

    v.

CITY OF EUGENE, et al.,

         Defendants.
```

## Introduction

Charlotte Ough's claims stem from a nighttime warrantless arrest in her home. Ough filed a motion for partial summary judgment. Defendants filed a motion for summary judgment. Ough and defendants filed motions to strike evidence.

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Striking the challenged evidence would not impact these determinations.

The motions to strike are therefore denied.

Some of Ough's claims are not cognizable. Others are not supported by sufficient evidence to create triable issues. The remainder of the claims primarily depend on the legality of the warrantless arrest of Ough in her home. An in home arrest may be justified by probable cause coupled with exigent circumstances. Payton v. New York, 445 U.S. 573, 586-88 (1980). Questions of probable cause and exigent circumstances are highly fact dependent and often inappropriate for resolution on summary judgment. Such is the case at bench. For the reasons explained below, Ough's motion for partial summary judgment is denied, and defendants' motion for summary judgment is granted in part and denied in part.

## Undisputed Facts

Except as noted, the following facts are undisputed. Co-plaintiff Robert Warick was arrested for driving under the influence of intoxicants on February 18, 2004. At the administrative hearing on suspension of Warick's driver's license, Eugene Police Officer Brian Hagen testified that he observed Warick driving on February 18, 2004, and observed Warick pull into the parking lot of a convenience store. Ough and Warick testified that Ough drove Warick's vehicle into the parking lot. According to Ough, Officer Hagen threatened her with perjury charges after the hearing. According to defendants,

Officer Hagen sought information from Ough in furtherance of an investigation for perjury.  Warick's attorney informed Officer Hagen that he would represent Ough against a perjury charge.

At approximately 11:00PM or 11:30PM on May 25, 2004, Officer Hagen went to Ough's home in Springfield, Oregon.  Officer Hagen observed Ough through a window sitting in her pajamas.  Speaking through the window, Officer Hagen ordered Ough to come to the door and receive a citation.  Ough contends that she told Officer Hagen that he should not be at her residence and he was not to talk to her without her lawyer present, and that Officer Hagen responded that her lawyer does not tell him what to do.  Officer Hagen told Ough that he would arrest her if she did not talk to him.

Ough ran into the kitchen.  Officer Hagen testified that he believed Ough was fleeing the residence through a back door.  Officer Hagen opened the unlocked front door and entered Ough's house.  Officer Hagen did not have a warrant.  Officer Hagen found Ough in the kitchen holding a telephone receiver.  Ough contends that she was calling someone for help, and that Officer Hagen took the phone out of her hand, hung it up and placed her in handcuffs.  Officer Hagen testified that he doesn't recall whether he or Ough set the phone down, he doesn't know who Ough called or intended to call, he told Ough to place her hands behind her back, Ough resisted somewhat but not violently, and

Officer Hagen placed Ough's hands in cuffs behind her back. Hagen Depo. at 72. Officer Hagen arrested Ough. Ough contends that after being handcuffed for one hour, she was transported to the Lane County Jail where she was held for 17 hours.

Ough phoned her place of employment and explained why she was absent from work without advance notice.

## Discussion

The presence of absence of probable cause to believe Ough committed perjury at the license suspension hearing depends on the resolution of disputed issues of material fact such as whether Officer Hagen previously saw Warick drive into the parking lot of the convenience store. Defendants concede that Warick's convictions do not have preclusive effect on the identity of the driver of Warick's vehicle when it entered the parking lot. Determining the presence or absence of exigent circumstances at the time of home entry is also best accomplished after full development of the facts at trial and the opportunity to assess witness credibility.

Viewed in the light most favorable to Ough, the record could support a finding that Officer Hagen entered Ough's house without a warrant and arrested her in the absence of exigent circumstances. The law was clearly established at the time of Ough's arrest that such conduct violates the Fourth Amendment. See Payton, 445 U.S. at 586-88. Officer Hagen is not entitled to

4 - ORDER

qualified immunity at this stage against Ough's tenth claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).

Accordingly, Ough's first, second, third, fifth, sixth, seventh and tenth claims[1] are not appropriate for summary judgment owing to the existence of disputed issues of material fact.[2]  Additionally, defendants are not entitled to summary judgment on Ough's thirteenth claim for punitive damages. Viewing the evidence in the light most favorable to Ough, the court cannot conclude that punitive damages are unavailable as a matter of law on all of the remaining claims, although they may be precluded on the state law claims.  Or. Rev. Stat. § 30.270(2); Smith v. Wade, 461 U.S. 30, 56 (1983).

Because the Fourth Amendment is a textual source of protection against Officer Hagen's alleged conduct, Ough cannot state a separate due process claim, as she attempts to do with her eleventh claim.  County of Sacramento v. Lewis, 523 U.S. 833,

---

[1] The claims respectively allege trespass, intentional infliction of emotional distress, invasion of privacy (seclusion), false arrest, assault and battery, false imprisonment and violation of 42 U.S.C. § 1983 (Fourth Amendment).

[2] Ough's seventh claim is titled "False Imprisonment (Kidnapping ORS 163.225)."  Ough can go forward on a common law tort claim for false imprisonment.  This claim may be subsumed by Ough's false arrest claim.  32 Am. Jur. 2d False Imprisonment § 3 (2005) ("[A] person who is falsely arrested is at the same time falsely imprisoned.").  As discussed below, Ough cannot recover for a "statutory tort" based on the crime of kidnapping.

5 - ORDER

842 (1998).

Ough concedes her twelfth claim for violation of the Sixth Amendment.

A reasonable trier could not conclude from Ough's evidence that the city committed a failure to train employees amounting to deliberate indifference to constitutional rights of inhabitants, and that the failure to train is closely related to Ough's injury.  See City of Canton v. Harris, 489 U.S. 378, 389-93 (1989).  The city is therefore entitled to summary judgment on Ough's fourteenth claim for municipal liability.

Ough points to responses for requests for admissions implying that after discovering sexual misconduct by two other officers, the city provided Officer Hagen with no additional training regarding how to approach female witnesses and suspects in their homes.  Michaels Aff., Ex. G.  Ough also points to a portion of a March 2005 "Management Review" which states in part,

> The recent arrest and conviction of officers for
> serious criminal misconduct during on-duty activities
> raises the issue of supervision.
> * * *
> Sergeants need to spend more time on the street
> supervising and developing subordinates.

Id., Ex. H-4.  Finally, Ough points to a training outline titled "Entry into Residence to Make an Arrest."  Id., Ex. E-4.

The training outline is evidence of training, not of a failure to train.  Ough seems to concede as much in her request for production of this document.  Id., Ex. E-1 ("Plaintiff . . .

6 - ORDER

requests . . . Training Outline . . . used to train the Eugene Police Department . . ."). The Management Review cited by Ough states, "Certainly there is no suggestion that the actions of [the convicted officers] stemmed from supervisory shortcomings." Id., Ex. H-4. Ough does not accuse Officer Hagen of sexual misconduct. Ough does not create a triable issue of deliberate indifference of rights or a failure to train closely related to her alleged injury.

Ough's fourth claim for invasion of privacy (false light) fails for insufficient evidence that Officer Hagen gave publicity to Ough's private life. "Publicity" means the matter is communicated to the public at large or to so many persons that the matter must be regarded as substantially certain to become public knowledge. Morrow v. II Morrow, Inc., 911 P.2d 964, 968 (Or. App. 1996). Ough claims only that she was forced to call her workplace to explain her unplanned absence from work.

Ough cannot recover on her eighth and ninth claims for "statutory torts" based on crimes of harassment and coercion, or on her seventh claim for false imprisonment to the extent that claim alleges a statutory tort based on the crime of kidnapping. Ough cites to no cases creating statutory torts based on violation of these criminal statutes. The statutes do not evince legislative intent to recognize new torts, and Ough does not explain why the conduct alleged in these claims is not prohibited

by existing common law duties. See <u>Scovill v. City of Astoria</u>, 921 P.2d 1312, 1317-18 (Or. 1996); Or. Rev. Stat. §§ 163.225, 166.065, 163.275.

## Conclusion

Based on the foregoing, Ough's motion to strike [#55] is denied; defendants' motion to strike [#62] is denied; Ough's motion for partial summary judgment [#39] is denied; defendant's motion for summary judgment [#42] is granted in part, and denied in part. The fourth, eighth, ninth, eleventh, twelfth and fourteenth claims of the second amended complaint are dismissed.

IT IS SO ORDERED.

DATED this __25th__ day of May, 2006.

                                       s/ Michael R. Hogan
                                      United States District Judge